UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CONSUMER SUPPLY DISTRIBUTING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TED M. BRANDS and LARRY STEINKAMP, <br><br> Defendants. | 4:17-CV-04048-KES <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT AND REMAND CASE TO STATE COURT |

Plaintiff, Consumer Supply Distributing, LLC (CSD), brings this action against defendants, Ted M. Brands and Larry Steinkamp. CSD alleges seven counts against Brands and Steinkamp in its amended complaint: misappropriation of trade secrets, breach of fiduciary duty and duty of loyalty, conversion, unjust enrichment, tortious interference with contracts and business relationships, and unfair competition. CSD moves to amend the amended complaint to add Jeff Reinders and NewStar Sourcing and Services, LLC as additional parties and to remand the case back to the Circuit Court of Union County, South Dakota. Brands and Steinkamp resist CSD's motion to amend. For the reasons stated below, the court grants CSD's motion.

**FACTUAL BACKGROUND**

The facts alleged by CSD in its proposed second amended complaint are as follows:

CSD manufactures, develops, sells, and distributes agricultural feed products throughout the United States. Docket 11-1 at 3. Brands, Steinkamp,

and Reinders were all employees of CSD. *Id.* at 3-4. Brands, Steinkamp, and Reinders had access to confidential information including stock status reports, sales reports, customer lists, volume orders, key venders, key suppliers, and pricing information. *Id.* Due to the time and resources used to assemble this information, CSD considers this data important. *Id.* at 4. CSD limits its employees' access to this information to those that need it. *Id.* This information is not public information. *Id.* Keeping this information confidential is important to prevent a competitor from gaining an unfair advantage. *Id.*

On or about January 15, 2017, Brands resigned from his role as Business Development Manager without giving notice to CSD. *Id.* at 5. Several other members of CSD's sales team resigned and became employed by NewStar including Greg Lawfer, Keith Prohaska, Richard Pearl, Bill McPherson, Ron Roering, and Keith Snyder. *Id.*

Steinkamp resigned without notice as a distribution salesperson for CSD, on or about March 9, 2017, and Reinders resigned on December 15, 2016. *Id.* at 2. After Brands and Steinkamp resigned, they took confidential, proprietary, and trade secret information, including customer lists. *Id.* at 5. When all three employees resigned, they accepted positions or developed a business relationship with NewStar, another company that sells agricultural feed products. *Id.* at 5-6.

CSD commenced this action against Brands and Steinkamp in state court on March 7, 2017. Docket 1-1. The first amended complaint was dated March 15, 2017. *Id.* Brands and Steinkamp filed a notice of removal on

2

April 11, 2017. *Id.* Removal was based on diversity jurisdiction. *Id.* CSD is a corporation with its principal place of business in North Sioux City, South Dakota, and is incorporated under the laws of Minnesota. Docket 11-1 at 1. Brands resides in Oakland, Nebraska, and Steinkamp resides in Lake View, Iowa. *Id.* CSD now moves to amend its amended complaint to add parties and claims. Docket 11. One of the defendants CSD seeks to add is Reinders, a South Dakota resident. *Id.* Because Reinders is from Pickstown, South Dakota, and CSD's principal place of business is South Dakota, diversity jurisdiction would be destroyed if the motion to amend is granted.

## LEGAL STANDARD

CSD moves to amend its complaint for a second time, arguing that there are additional defendants subject to similar claims. "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Generally, motions to amend are freely granted when justice so requires. Fed. R. Civ. P. 15(a). This standard changes, however, when the plaintiff seeks to amend its complaint and the amendment would destroy the court's subject matter jurisdiction. In this situation, the Eighth Circuit Court of Appeals has adopted the rationale of the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987):

> 'The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. . . . In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.'

*Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (quoting *Hensgens*, 833 F.2d at 1182).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If the plaintiff can show that the new parties are indispensable, joinder is required. Fed. R. Civ. P. 19. When the potential defendant is dispensable, the district court may deny joinder and retain jurisdiction. *Bailey*, 563 F.3d at 308. This determination is made on a case-by-case basis. *Id*.

## DISCUSSION

### I. Should the amended complaint be amended to add Reinders and NewStar as defendants under the three factor test?

Both parties agree that Brands, Steinkamp, Reinders, and NewStar (collectively referred to as defendants) are joint tortfeasors and are merely permissive parties. Hence, this court must " 'balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits.' " *Bailey*, 563 F.3d at 309 (quoting *Hensgens*, 833 F.2d at 1182). To determine whether a case should maintain a federal forum, the court should address three factors: " '(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether [the]

4

plaintiff has been dilatory in asking for amendment, and (3) whether [the] plaintiff will be significantly injured if amendment is not allowed.' " *Bailey*, 563 F.3d at 309 (quoting *Le Duc*, 777 F.Supp. at 12).

CSD alleges that it is adding Reidners and NewStar as defendants because it has viable claims against them arising from the same subject matter – not to defeat federal jurisdiction. Brands and Steinkamp argue that CSD knew or should have known about its claims against Reinders and NewStar before CSD filed this suit and CSD is adding Reinders and NewStar for the purpose of destroying federal jurisdiction. Docket 13 at 7. Even though CSD should have known about its claim against Reinders and NewStar, this court has previously stated that even if a party should have known about a claim that does not mean a party's motion to amend is sought to destroy diversity. *See Smith v. Polaris Indus., Inc.*, 4:15-CV-04165-KES, 2016 WL 4046735, at *2 (D.S.D. July 28, 2016) (finding that Smith's motion to amend may not be seeking to destroy diversity even if she should have known about the claim before filing her complaint). Here, CSD alleges viable claims that are related to and come from the same subject matter as the pending action. CSD alleges that Reinders worked with both Brands and Steinkamp. Docket 11-1 at 16. These parties were employees of CSD, and they formed a business relationship with NewStar after resigning from CSD. *Id.* Because many of the claims are identical, relevant, and arise from the same factual scenario, this factor weighs in favor of CSD.

As to the second factor, CSD filed its motion to amend twenty-one days after removal. Docket 17 at 6. "[P]ermission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief, or if [it] is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In *Hofmann*, the plaintiff filed a motion of amend his complaint thirteen days after he discovered new evidence. *Hofmann v. Enter. Leasing Co. Minn., LLC*, No. 13-CV-255 (JNE/SER), 2014 WL 12601038, at *6 (D. Minn. Oct. 15, 2014)). The court found this motion timely. *See id.*

Here, CSD states that it discovered new evidence in early April 2017. CSD instructed its attorneys to file the second amended complaint on April 10, 2017, preceding the filing of the notice of removal on April 11, 2017. The motion to amend the amended complaint was filed just 56 days after the date on the initial complaint. Docket 17 at 6. Similar to *Hofmann,* CSD discovered new evidence and filed its motion to amend within twenty-one days of the discovery. The court finds that CSD was not dilatory in filing its second amended complaint. Thus, this factor weighs in favor of CSD.

With regard to the third factor, " 'It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.' " *Bailey*, 563 F.3d at 308 (quoting *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990)). This court has previously

recognized that a party will not be significantly injured if joint tortfeasors are not added to a case. *Smith,* 2016 WL 4046735, *3. Because Reinders and NewStar are joint tortfeasors according to the second amended complaint, this factor weighs in favor of Brands and Steinkamp.

In weighing the three factors, this court finds that the facts of this situation weigh in favor of granting the motion to amend in the interest of judicial efficiency. If this case is not remanded, CSD stated it intends to file another lawsuit in state court against Reinders and NewStar. Docket 17 at 8. Both parties recognize that if the motion is denied there will be parallel state and federal litigation on the same issues. In the interest of judicial efficiency, CSD's motion to amend the first amended complaint should be granted, unless the amendment would be futile.

**II.     Are CSD's claims against Reinders and NewStar futile?**

A motion to amend may be denied if the amendment would be futile. *Williams,* 21 F.3d at 225 (citing *Foman,* U.S. at 182). Brands and Steinkamp argue that because CSD does not state a plausible claim for its causes of action against Reinders and NewStar, the motion to amend should not be granted. "A determination that an amendment is futile means the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Onnen v. Sioux Falls Indep. Sch. Dist. #49-5,* No. 4:07-CV-4174-JES at *3 (D.S.D. Dec. 17, 2009) (citing *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008).

7

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Inferences are construed in favor of the nonmoving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009).

### A. CSD's aiding and abetting claim against Reinders and NewStar is plausible and would survive a motion to dismiss.

The South Dakota Supreme Court recognizes a claim for aiding and abetting the breach of a fiduciary duty. *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 773 (S.D. 2007). The South Dakota Supreme Court cites to the Restatement Second of Torts with approval. *Id.* The Restatement Second of Torts states:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he: (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) Torts § 876 (1979).

Here, CSD alleges that NewStar knew or had reason to know that Reinders, Brands, and Steinkamp planned to leave CSD. Docket 11-1 at 14. Furthermore, CSD alleges that NewStar knew or should have known that Reinders, Brands, and Steinkamp would solicit employees from CSD and would interfere with CSD's business by being involved with prospective customers,

8

business associates, vendors, suppliers, and employees. *Id.* at 15. When viewing the facts and inferences in the light most favorable to the nonmoving party, CSD states a plausible claim. As a result, this claim would survive a motion to dismiss and is not futile.

### B. CSD's civil conspiracy claim against Reinders and NewStar is plausible and would survive a motion to dismiss.

" 'A civil conspiracy is fundamentally an agreement to commit a tort.' " *Kirlin v. Halverson*, 758 N.W.2d 436, 455 (S.D. 2008) (quoting *Reuben C. Setliff, III, M.D., P.C., v. Stewart*, 694 N.W.2d 859, 867 (S.D. 2005)). To establish a civil conspiracy claim, the plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy. *Reuben*, 694 N.W.2d at 866–67.

In this case, CSD is alleging that Brands, Steinkamp, Reinders, and NewStar participated in tortious activity. *See* Docket 11-1. CSD alleges in its second amended complaint that the defendants had discussions with each other to commit torts and that the defendants went in with the intention to accomplish the tortious activity of misappropriation of trade secrets, breach of fiduciary duty, conversion, and tortious interference of business relationships or expectancies. *Id.* at 16. Lastly, CSD alleges that it will suffer damages from these tortious actions. *Id.* Viewing the facts and inferences in favor of the nonmoving party, CSD states a plausible claim for civil conspiracy; consequently, this claim would survive a motion to dismiss and is not futile.

9

**C. CSD alleges enough facts regarding misappropriation to survive a motion to dismiss on misappropriation of trade secrets and unjust enrichment.**

Defendants argue that CSD does not allege sufficient facts to support misappropriation. South Dakota Codified Law defines misappropriation as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or "disclosure or use of a trade secret of another without express or implied consent." S.D.C.L. § 37-29-1(i)-(ii). In CSD's second amended complaint, CSD makes allegations that defendants misappropriated trade secrets. *See* Docket 11-1.

Here, CSD alleges that defendants had access to CSD's confidential information in their roles within the company. *Id.* at 3-4. CSD limits which employees can see this information. *Id.* at 4. Additionally, CSD alleges that defendants downloaded this confidential information onto a storage device. *Id.* at 5-6. After viewing the facts alleged in the second amended complaint and determining all reasonable inferences in favor of the nonmoving party, CSD has alleged sufficient facts to show misappropriation. Because sufficient facts are alleged, the claims of misappropriation of trade secrets and unjust enrichment would survive a motion to dismiss and are not futile.

**D. CSD alleges enough facts regarding improper solicitation of its employees that the claims of breach of fiduciary duty and duty of loyalty are not futile and survive a motion to dismiss.**

Under South Dakota law, a plaintiff must prove four elements to establish a breach of fiduciary duty claim. *Waldner v. James*, No. Civ. 12-4153-KES, 2014 WL 4160037, at *3 (D.S.D. August 19, 2014). The elements include

10

the following: " '(1) that the defendant was acting as plaintiff's fiduciary; (2) that the defendant breached a fiduciary duty to plaintiff; (3) that plaintiff incurred damages; and (4) that the defendant's breach of the fiduciary duty was a cause of plaintiff's damages.' " *Id.* (quoting *Chem–Age,* 652 N.W.2d at 772).

The United States Supreme Court quotes the Restatement (Second) of Agency when addressing the duty of loyalty. *Maples v. Thomas,* 565 U.S. 266, 284 (2012). "[T]he authority of an agent terminates if, without knowledge of the principal, he acquires adverse interests or if he is otherwise guilty of a serious breach of loyalty to the principal." Restatement (Second) of Agency § 112 (1957). " '[T]he agent commits a breach of duty [of loyalty] to his principal by acting for another in an undertaking which has a substantial tendency to cause him to disregard his duty to serve his principal with only his principal's purposes in mind.' " *Maples,* 565 U.S. at 284 (quoting Restatement (Second) of Agency § 394, Comment a (1957)).

Defendants argue that CSD does not allege sufficient facts stating improper solicitation. But CSD alleges that defendants solicited its employees and lists several employees who left the company and went to work for NewStar. Docket 11-1 at 5-6. CSD also alleges that defendants downloaded trade secret information and that they were using it for their benefit at NewStar. *Id.* Additionally, CSD alleges, and a reasonable inference can be made, that Reinders solicited Brands and Steinkamp because the resignations were close in time. *See* Docket 11-1.

After viewing the alleged facts and inferences in the light most favorable to the nonmoving party, CSD, a plausible claim is stated. Thus, the claims of breach of fiduciary duty and duty of loyalty and unfair competition are not futile, and would survive a motion to dismiss.

### E. CSD alleges sufficient facts for a claim of unfair competition and tortious interference with business relationships to survive a motion to dismiss.

The tort of unfair competition does not have specific elements, "it describes a general category of torts which courts recognize for the protection of commercial interests." *Setliff v. Akins*, 616 N.W.2d 878, 887 (S.D. 2000) (quoting *Rehab. Specialists, Inc. v. Koering*, 404 N.W.2d 301, 305 (Minn. Ct. App. 1987)). Improper use of trade secrets can be the foundation for an unfair competition claim. *Setliff*, 616 N.W.2d at 888 (citing *United Wild Rice, Inc. v. Nelson*, 313 N.W.2d 628, 632 (Minn. 1982)). In order to prove a tortious interference with business relationships claim one must prove:

> (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional and unjustified act of interference on the part of the interferer; (4) proof that the interference caused the harm sustained; and, (5) damage to the party whose relationship or expectancy was disrupted.

*McGreevy v. Daktronics, Inc.* 156 F.3d 837, 841 (8th Cir. 1998).

Defendants argue that CSD did not allege sufficient facts to support improper contact with its customers. But CSD alleges that defendants downloaded the confidential documents and used them for their benefit while employed at NewStar. Docket 11-1 at 4-6. CSD also alleges that defendants used its trade secrets to contact its customers to solicit business. *Id.* at 10. Not

12

only does CSD allege defendants knowingly solicited its current customers, but prospective ones as well. *Id.* at 10-11. After viewing these facts and inferences in favor of the nonmoving party, the court finds that CSD alleges a plausible claim of unfair competition and tortious interference of a business relationship. Thus, these claims are not futile and would survive a motion to dismiss.

## CONCLUSION

CSD has shown that it did not seek to amend its complaint to destroy subject matter jurisdiction and that it was not dilatory in filing its amendment. Additionally, this court finds that Reinders and NewStar are joint tortfeasors, and therefore are merely permissive parties. Moreover, CSD's claims are not futile and would survive a motion to dismiss. In the interest of avoiding parallel litigation and promoting judicial efficiency, it is

ORDERED that plaintiff's motion to amend (Docket 11) is granted.

DATED this 1st day of August, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE